PLUMSEL (HOLTZMAN v.). See Case No. 6,650.

PLUMSELL (McCLEAN v.). See Case No. 8,693.

PLUNKETT (WOLF v.). See Case No. 17,926.

PLUTO, The (FAGAN v.). See Case No. 4,605.

PLYMOUTH, The (FISHER v.). See Case No. 4,822.

PLYMOUTH, The (SCOTT v.). See Case No. 12,544.

## Case No. 11,235.
### The PLYMOUTH ROCK.
[7 Ben. 448.] [1]

District Court, E. D. New York. Sept., 1874.[2]

SUPPLIES—NECESSARIES—LIEN.

1. A steamboat, which made several trips a day from New York City to Sandy Hook, a voyage of about an hour and a quarter, kept a restaurant on board, at which food was supplied to such passengers as wished. The money received at the restaurant was received by the purser as part of the daily earnings of the boat. The crew of the boat were fed at the restaurant. Supplies for this restaurant were furnished to the boat at the city of New York, the boat being there a foreign vessel. The person who furnished the supplies filed a libel against the boat to recover their value. Held, that the supplies were necessary to the boat, and that the libellant had a lien upon her therefor.
[Cited in Harney v. The Sydney L. Wright, Case No. 6,082a; The New Champion, 17 Fed. 816.]

2. Articles, which form part of the natural and reasonable outfit of a vessel, for the business in which she is engaged, are necessaries.

In admiralty.

Beebe, Wilcox & Hobbs, for libellants.
Dudley Field, for claimant.

BENEDICT, District Judge. This is an action against a vessel, foreign to New York, to enforce a lien for provisions furnished the vessel in New York.

No question arises as to the fact that certain provisions mentioned in the libel were furnished to the vessel in New York, and used on board her in her ordinary employment. But it is contended that the provisions were not necessary to the vessel. The vessel was employed in carrying passengers between New York City and Sandy Hook. She had a regular route between those two

1 [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]
2 [Affirmed in Case No. 11,237.]

points, and made several trips each day. Her passengers were supplied with such food as they might desire during any voyage, at a restaurant kept on the boat by the employés of the boat, the profits of which were received by the purser as part of the daily earnings of the boat. The crew of the vessel were also supplied with their food from this restaurant. The supplies in question were obtained for and were used in this restaurant. Upon these facts it is contended that any trip of the vessel could be made without any necessity for food on the part of the crew, and that the passengers could have survived a voyage of one hour and a quarter without provisions, and therefore it is said the articles in question are not necessaries. But, in order to bring an article within the description of necessaries for a vessel it need not appear that the voyage could not by any possibility be made without such article. It is sufficient, if the article form part of the natural and reasonable outfit of a vessel for the business in which she is engaged. In such a business as this vessel was engaged in, supplying to the passengers the food they might desire to have during the voyage was a part of her business; and it doubtless might be added, that it was necessary to the success of her voyages. Of course the food of her crew was necessary. I entertain no doubt therefore, as to the liability of a vessel for articles like those in question. A further point is made that credit was given to the owners, and not the vessel, but proofs fail to sustain this defence. There must accordingly be a decree in favor of the libellants.

[On appeal to the circuit court, the decree of this court was affirmed. Case No. 11,237.]