## THE NEW CHAMPION.

*(District Court, S. D. New York. July 15, 1883.)*

1. ADMIRALTY—LIEN—SUPPLIES—PRESUMPTION.
    Necessary supplies furnished to a vessel in a foreign port are presumptively furnished upon the credit of the vessel as well as of her owners, and a lien on the vessel therefor will be sustained, unless the evidence is sufficient to rebut this presumption.

2. SAME—OWNER'S AGREEMENT.
    The lien will not be affected by an agreement between the owners and the captain that the latter should find the crew and provisions, where the seller had no knowledge or notice of the agreement.

In Admiralty.

*Alexander & Ash,* for libelants.

*J. A. Hyland,* for claimant.

BROWN, J. The supplies for which this action is brought were provisions furnished at Bergen Point, New Jersey, to the steward, in accordance with the master's orders; and all belong to the class of necessaries. The captain was running the barge on an agreement with the owners that he should have $60 per month and find the crew and provisions. The libelants, who kept a grocery store at Bergen Point, had no knowledge or notice of this arrangement, as in the case of *The Wm. Cook,* 12 FED. REP. 919, and hence were not bound by it. *The John Farron,* 14 Blatchf. 24, reversing 7 Ben. 53; *The S. M. Whipple,* 14 FED. REP. 355; *The India,* Id. 476.

The libelant testified that the supplies were furnished on the credit of the vessel; and upon all the circumstances I do not think there is sufficient evidence to rebut this testimony, or the legal presumption that the supplies, being furnished in a foreign port, were furnished upon the credit of the vessel, as well as of her owners. *The Secret,* 15 FED. REP. 480; *The Plymouth Rock,* 7 Ben. 448; *The E. A. Baisley,* 13 FED. REP. 703; *The E. A. Barnard,* 2 FED. REP. 712, 714; *The Grapeshot,* 9 Wall. 129, 136.

The libelants must, therefore, have judgment for the value of the goods furnished, amounting with interest to $33.45, with costs.