## THE STERLING.

(District Court, W. D. Washington, N. D. February 3, 1916.)

No. 3204.

MARITIME LIENS ⊚⇒25—SUPPLIES—LIQUORS FOR CREW—"SUPPLIES"—"NECESSARIES."

Wines and liquors furnished for use of the crew of a fishing vessel on a voyage are not "supplies" or other "necessaries" furnished to the vessel, for which a lien may be enforced under Act June 23, 1910. c. 373, § 1, 36 Stat. 604 (Comp. St. 1913, § 7783), even though it is alleged that, owing to the nationality of the crew and the customs of their country, they would not have shipped if the liquors had not been supplied.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 20, 31–36; Dec. Dig. ⊚⇒25.

For other definitions, see Words and Phrases, First and Second Series, Necessaries; Supply.]

In Admiralty. Suit by E. W. Rigney against the gasoline fishing boat Sterling; the Lumme Bay Packing Company, claimant. On claim of S. P. Starbux, intervening libelant. Decree for respondent.

Wedell Foss and G. H. Simons, both of Tacoma, Wash., for intervener.

G. E. Steiner, of Seattle, Wash., for claimant.

NETERER, District Judge. Intervening libelant alleges, in substance, that the gasoline fishing boat Sterling was being outfitted for a fishing expedition, and that the entire crew, except the master and engineer, were Austrians who had pursued the occupation of fishermen for many years, and that the custom of Austrian fishermen is to be furnished with wines and spirituous liquors, and "that this custom is so ingrained in the Austrian fishermen who have immigrated to this country that even after a number of years it is impossible to induce Austrian fishermen to enter into a contract to engage in fishing unless they are guaranteed their wines and spirituous liquors," and then alleges that $74.95 worth of liquor was sold, and seeks to establish a maritime lien against the vessel.

Claimant files exceptions, upon the ground that the liquors "were neither supplies nor necessaries for the operation of said fishing boat," and that the articles were improper, detrimental, and wholly unnecessary. Are liquors "supplies or other necessaries" under Act June 23, 1910, 36 Stat. 604? The term "necessaries" includes whatever is fit and proper for the service upon which the vessel is engaged, or whatever would have been ordered by a prudent owner, if present. 26

Cyc. 764. It is sufficient if the articles form part of the actual and reasonable outfit of the vessel for the business in which it is engaged. The Plymouth Rock, 19 Fed. Cas. 897. Supplies may be considered of two classes: First, those which are necessary to the navigation of the ship; and, second, those necessary for the venture in which the ship is engaged. A vessel is liable for clothing suitable to the needs and comforts of fishermen upon a voyage. The Fortuna (D. C.) 213 Fed. 285. Sufficient food, suitable clothing, proper shelter, and such luxuries as contribute to the comfort and convenience of the seamen are necessaries. The habits or desires of a particular class of seamen do not fix a criterion by which to measure necessaries. It is the need for the voyage, and not the habits or desires of the seamen, that is contemplated by the act of Congress, supra. While these seamen may have the habit and desire to consume spirituous liquors, other seamen might have other desires craving to be satisfied, and can it be said that the rule is so flexible as to be adjusted to the habits or desires of seamen, rather than necessaries for the navigation of the ship, or for the safety and comfort of the crew? Judge Hanford, in The Robert Dollar (D. C.) 115 Fed. 218, at page 225, said:

"The libel of F. A. Buck & Co. is for the price of liquors and supplies for a bar which was conducted on board the Robert Dollar for the profit of the charterer. It is always optional with the owner of a vessel whether to conduct a bar on board or not, and, as it is not essential to the navigation of the vessel, or to the safety and comfort of passengers, I cannot regard bar supplies as 'necessaries' in the sense in which that word is used in the twelfth admiralty rule. Under that rule, materialmen cannot sue in rem for supplies furnished, other than necessaries."

Whisky is not necessary for the navigation of the ship; nor do the allegations in the libel show it to be necessary to the safety and comfort of the crew. Cases have been cited from other jurisdictions involving statutes of states. The Mayflower (D. C.) 39 Fed. 41; The Shrewsbury (D. C.) 69 Fed. 1017; and The Satellite (D. C.) 188 Fed. 717. These cases, however, do not throw any light upon the issue here.

I do not think that the intervening libelant has brought himself within the provisions of the act of Congress, supra, and the exceptions must be sustained.